Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| TPX T-SHIRT PRINT EXPRES, INC.<br><br>Apelados<br><br>v.<br><br>MULTI-VENTAS Y SERVICIOS, INC.; INMOBILIARIA PYD LLC, FIDEICOMISO PDG; PEDRO RIVERA CONCEPCIÓN, MARÍA MERCEDES FELICIANO CARABALLO y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMOBS; PEDRO JAVIER RIVERA FELICIANO, SU ESPOSA FULANA DE TAL y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS; DALIS OMAYRA RIVERA FELICIANO, SU ESPOSO FULANO DE TAL y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>- - - - - - - - - - - - - - - - - - - - - - - -<br><br>GRACE MONGE LA FOSSE, CESIONARIA DE MULTIVENTAS y SERVICIOS, INC.<br>Demandante contra Tercero<br><br>LILLIAM Y. VICENTE BERRÍOS; RAFAEL ÁNGEL RAMOS NÚÑEZ; LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; PERSONAS NATURALES A, B, C; PERSONAS JURÍDICAS D, E, F; COMPAÑÍAS ASEGURADORAS X, Y, Z<br>Terceros Demandados | KLCE202301040<br><br>cons. con<br><br>KLAN202301025 | Apelación procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm. CG2023CV01152<br><br>Sobre: Sentencia Declaratoria, Acción de Cumplimiento Específico de Contrato, Dolo, Fraude, Daños y Perjuicios<br><br>Reconvención: Inexistencia de Contrato de Opción de Compraventa; Violación de Derechos Constitucionales (Constitución de Estados Unidos; Constitución de Puerto Rico) Libelo y Calumnia, Difamación, Daños y Perjuicios<br><br>Demanda contra Tercero: Violación de Derechos Constitucionales (Constitución de Estados Unidos; Constitución de Puerto Rico); Libelo y Calumnia, Difamación, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

NÚMERO IDENTIFICADOR

SEN2024_____

Adames Soto, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece la señora Grace Monge La Fosse (señora Monge La Fosse o peticionaria), mediante un recurso de *certiorari*, KLCE202301040, y otro que denominó de *apelación*, KLAN202301025, pero que también acogemos como de *certiorari*,[1] los cuales hemos decidido consolidar por tratarse de las mismas partes y de dictámenes emitidos en un mismo caso.[2]

En el primero de dichos recursos, la peticionaria solicita la revisión y revocación de una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 7 de agosto de 2023.[3] Mediante este dictamen, el foro primario declaró *No Ha Lugar* una solicitud de la señora Monge La Fosse para que se extendiera el término en el que presentar su oposición a la *Moción de Sentencia Sumaria* instada por T-SHIRT PRINT EXPRESS, INC. h/n/c/ TPX T-SHIRT PRINT EXPRESS, INC. (el recurrido), hasta que culminara el descubrimiento de prueba.

En su segundo recurso, la peticionaria solicita que revisemos una *Resolución* del TPI, emitida el 19 de octubre de 2023,[4] en la que se dispuso que no procedía una *Moción de Recusación Juramentada,* presentada por la señora Monge La Fosse contra el Juez Díaz Valdés.

Luego de evaluar los asuntos planteados por la peticionaria, determinamos: *desestimar* el recurso de *certiorari* identificado como KLCE202301040, por falta de jurisdicción, y; *denegar* el recurso de *certiorari* identificado como KLAN202301025.

---

[1] Se trata de un recurso en el cual se solicita la revocación de un dictamen interlocutorio, la denegatoria de la petición de recusación, por tanto, el vehículo procesal adecuado para acudir ante nosotros es el recurso de *certiorari*. No obstante, el recurso conservará el código alfanumérico correspondiente a la apelación, solo para fines administrativos.

[2] La Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos habilita para ordenar la consolidación de recursos, *motu proprio; Orden Administrativa DJ 2019-316 y Orden Administrativa DJ2019-316A.*

[3] Notificada el 10 de agosto de 2023.

[4] Notificada el 23 de octubre de 2023.

## I. Resumen del tracto procesal

Limitando el recuento procesal sólo a los hechos pertinentes a las controversias presentadas, el 18 de abril de 2023, el recurrido presentó una *Demanda* sobre sentencia declaratoria, acción de cumplimiento específico de contrato, dolo, fraude y daños y perjuicios contra Multi-Ventas y Servicios Inc. y Otros (Multi-Ventas).

En respuesta, el 25 de mayo de 2023, la señora Monge La Fosse presentó *Contestación a Demanda, Reconvención y Demanda Contra Tercero*, alegando ser cesionaria de Multi-Ventas.

Más adelante, el 14 de julio de 2023, el recurrido presentó *Moción de Sentencia Sumaria Solicitando la desestimación de intervención de la señora Grace Monge La Fosse.* En esencia, alegó que la peticionaria no posee un interés jurídico válido que justifique su participación en el caso de epígrafe. Sostuvo que la alegada cesión de crédito litigiosa no existe y es inoficiosa. Finalmente, solicitó que el foro primario desestimara la solicitud de intervención de la señora Monge La Fosse, debido a que a la peticionaria no se le cedió ningún derecho respecto a la propiedad inmueble objeto del presente caso.

A raíz de ello, el 17 de julio de 2023, Multi-Ventas presentó *Moción Fijando Posición de los demandados con relación a la Moción de Sentencia Sumaria solicitando desestimación de la intervención de la señora Grace Monge La Fosse.* En lo pertinente, planteó que la *Moción de Sentencia Sumaria* era improcedente por ser prematura.

Ese mismo día, el TPI emitió una *Orden* concediéndole el término de 20 días a la peticionaria para que expusiera su posición respecto a la *Solicitud de Sentencia Sumaria.*

Ante lo cual, el 1 de agosto de 2023, la señora Monge La Fosse presentó una *Moción para la extensión del término de nuestra oposición y contestación a la solicitud de sentencia sumaria hasta tanto culmine la fase apelativa y la etapa de descubrimiento de prueba.*

En igual fecha, el recurrido presentó *Moción en oposición a "Moción para extensión del término de nuestra oposición y contestación a la solicitud de sentencia sumaria hasta tanto culmine la fase apelativa y la etapa de descubrimiento de prueba".* Argumentó que la solicitud de la peticionaria no cumplía con la Regla 36.6 de las de Procedimiento Civil, 32 LPRA Ap. V, R.36.6, al no incluir junto a su moción, una declaración jurada de la que se desprendieran las razones por las cuales el descubrimiento de prueba adicional fuera necesario para poder establecer hechos esenciales, con el propósito de justificar la oposición a la moción. Además, adujo que la señora Monge La Fosse no justificó su incapacidad de establecer hechos esenciales para su oposición en dicha etapa de los procedimientos. Por último, solicitó que se declarase *sin lugar* la solicitud de prórroga.

Visto lo anterior, el 7 de agosto de 2023,[5] el foro primario declaró *No Ha Lugar* la moción solicitando la extensión del término para instar oposición a sentencia sumaria.

Pasados dos días de tal *Resolución,* el 9 de agosto de 2023, el recurrido presentó *Moción en solicitud de que se tenga por no opuesta moción de sentencia sumaria.* Según lo revela el título de dicha moción, el recurrido solicitó que se diera por presentada la *Moción de Sentencia Sumaria* sin oposición.

En desacuerdo, el 24 de agosto de 2023, la peticionaria presentó una *Moción de Reconsideración juramentada tocante a la extensión del término para presentar oposición y contestación a la solicitud de sentencia sumaria hasta que culmine descubrimiento de prueba pertinente.*

Sin embargo, tal solicitud de reconsideración instada por la peticionaria fue declarada *No Ha Lugar,* mediante *Resolución* de 25 de agosto de 2023.

---

[5] Notificada el 10 de agosto de 2023.

En igual fecha, **el 25 de agosto de 2023**, **el foro primario emitió una *Sentencia Sumaria*[6] desestimando con perjuicio la solicitud de intervención y la *Contestación a Demanda, Reconvención y Demanda Contra Tercero* radicada por la señora Monge La Fosse**. Al así adjudicar la controversia ante su atención, el TPI indicó que, cuando se suscribió la cesión a favor de la peticionaria, no existía crédito o derecho en litigio, puesto estos ya habían sido litigados y adjudicados mediante sentencia final y firme en el caso EDC-2015-1014.

Sin embargo, insatisfecha con la denegatoria de la *Moción de Reconsideración juramentada tocante a la extensión del término para presentar oposición y contestación a la solicitud de sentencia sumaria hasta que culmine descubrimiento de prueba pertinente,* el 21 de septiembre de 2023, la señora Monge La Fosse presentó el recurso de *certiorari* KLCE202301040, haciendo el siguiente señalamiento de error:

> EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL PRIVAR A LA PROMOVIDA DE LA ETAPA DE DESCUBRIMIENTO DE PRUEBA PARA FIJAR LA OPOSICIÓN Y CONTESTACIÓN A MOCIÓN DE SENTENCIA SUMARIA.

Como resultado, el recurrido presentó ante nosotros una *Moción en Solicitud de Desestimación por Falta de Jurisdicción.* Esgrimió que procedía la desestimación del recurso de *certiorari* aludido, **pues la peticionaria no recurrió de la *Sentencia Sumaria* emitida por el foro primario el 29 de agosto de 2023, a pesar de haber advenido final y firme**. En este sentido, el recurrido afirmó que había transcurrido más de treinta (30) días desde que se archivó en autos la notificación de la *Sentencia Sumaria,* sin que la peticionaria hubiese acudido ante este foro intermedio a buscar remedio, de modo que, superados los términos para apelar, dicho dictamen advino final, firme e inapelable. Como consecuencia, el recurrido sostiene que ya se tornó inmaterial el adjudicar si el foro de instancia debió o no conceder la prórroga solicitada por la peticionaria para oponerse a la *Moción de Sentencia Sumaria,* que fue el propósito de la radicación de la petición de

---

[6] Notificada el 29 de agosto de 2023.

*certiorari* identificada bajo el KLCE202301040. Además, afirma que este Foro apelativo perdió jurisdicción para atender la controversia planteada, por causa del referido dictamen final y firme, restando solo que desestimemos el recurso de *certiorari.*

Previo a la presentación del recurso de *certiorari* aludido, el 29 de agosto de 2023, la peticionaria había presentado ante el TPI una *Moción de Recusación Juramentada.* La señora Monge La Fosse solicitó la recusación del Juez Díaz Valdés, aduciendo que este incurrió en pasión, prejuicio o parcialidad al haber prejuzgado el caso. Además, sostuvo que el Juez Díaz Valdés: no observó el Canon 8 de Ética Judicial; se arrogó jurisdicción indebida en un caso en donde la corporación demandante no tiene personalidad jurídica y, por ende, no tiene capacidad para demandar y ser demandado; negó el debido proceso de ley, al denegar el descubrimiento de prueba adecuado en torno a la fase dispositiva de una solicitud de sentencia sumaria desestimatoria y; negó en tres ocasiones la expedición de emplazamientos solicitados por la peticionaria. Asimismo, afirmó que el Juez Díaz Valdés no se ajustó al debido proceso de ley y violentó el derecho constitucional de propiedad. Finalmente, manifestó que no confiaba en la imparcialidad del Juez Días Valdés.

En atención a lo anterior, el 11 de septiembre de 2023,[7] el TPI emitió una *Orden* indicando lo siguiente:

> Por entender que no procede la recusación presentada, al amparo de la Regla 63.2 (C) de Procedimiento Civil se remite la moción de recusación a la atención de la Hon. Viviana Torres Reyes, Jueza Administradora de la Región Judicial de Caguas, para la designación de una juez(a) que atienda y resuelva la misma. Además, conforme al predicado de la citada Regla, nos abstenemos de continuar atendiendo los asuntos de este caso hasta el desenlace de la recusación.[8]

Como secuela, el 19 de octubre de 2023,[9] la Jueza Torres Reyes emitió una *Resolución* declarando *No Ha Lugar* la solicitud de recusación

---

[7] Notificada el 14 de septiembre de 2023.
[8] Anejo 43 del recurso KLAN202301025, pág. 586.
[9] Notificada el 23 de octubre de 2023.

presentada por la señora Monge La Fosse. Al así decidir razonó que la peticionaria no había presentado fundamentos suficientes para generar dudas sobre las actuaciones del Juez Días Valdés que lo inhabilitaran de presidir los procesos. De igual forma, el foro primario explicó que la señora Monge La Fosse no había demostrado con hechos específicos que el Juez Díaz Valdés tuviera ánimo prevenido, estuviera prejuzgado o parcializado con la controversia, de manera tal que pudiera resultar en menoscabo de los derechos de la peticionaria. Finalmente, la Jueza Torres Reyes concluyó que la solicitud de recusación presentada por la señora Monge La Fosse surgía por la discrepancia o insatisfacción con las determinaciones judiciales del Juez Díaz Valdés y no sustentada en los fundamentos que establece la Regla 63.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.63.1, para la recusación.

En desacuerdo, la señora Monge La Fosse presentó el segundo recurso de *certiorari* ante nuestra atención, identificado como KLAN202301025, señalando el siguiente error:

**KLAN202301025**

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL NO CONCEDER LA PETICIÓN DE RECUSACIÓN.

Evaluados los recursos ante nuestra consideración, pasamos a exponer el derecho aplicable.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Torres Medina*, 2023 TSPR 50; *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 372, 385 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los

tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234; *Shell v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, supra; *García v. Hormigonera Mayagüezana*, supra.

Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa de manera *ultra vires. Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. *Romero Barceló v. E.L.A.,* 169 DPR 460, 470 (2006).

### B. Academicidad

Los tribunales solo están llamados a atender asuntos de carácter justiciable. La doctrina de justiciabilidad exige la adjudicación de controversias genuinas entre partes opuestas, que tienen un interés legítimo en obtener un remedio capaz de afectar sus relaciones jurídicas, permitiendo, de ese modo, la intervención oportuna y eficaz de los tribunales. *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 908 (2010); *E.L.A. v. Aguayo*, 80 DPR 554, 558-559 (1958). Este principio constituye una autolimitación al ejercicio del Poder Judicial consagrado en nuestra Constitución.

En virtud de lo anterior, se reconoce que la doctrina de la academicidad da vida al principio de justiciabilidad. *Crespo v. Cintrón,* 159 DPR 290, 298 (2003). Como norma, un caso es académico *cuando los cambios fácticos o procesales ocurridos durante su trámite convierten la controversia en una ficticia, de modo tal que el fallo que emita el tribunal no tendría efectos prácticos por tratarse de un asunto inexistente. Lozada Tirado et al v. Testigos Jehová,* supra*,* pág. 908.

Las diferentes justificaciones que se esbozan para requerir que un caso no sea académico antes de resolverse el mismo son: (1) evitar el uso innecesario de los recursos judiciales; (2) asegurar suficiente contienda adversativa sobre las controversias para que sean competentes y vigorosamente presentados ambos lados; y (3) evitar un precedente innecesario. *Emp. Pur. Des., Inc. v. H.I.E.Tel.*, 150 DPR 924, 961 (2000), citando a *Noriega Rodríguez v. Hernández Colón*, 135 DPR 406, 437 (1994). Un caso puede resultar académico si el transcurso del tiempo ha causado que éste pierda su condición de controversia viva y presente.

Cuando un tribunal atiende un planteamiento de academicidad, nuestro ordenamiento le impone la obligación de desestimar el recurso si de lo hechos o del derecho aplicable surge que las circunstancias han variado de tal forma, que no existe una controversia vigente entre partes adversas que amerite su intervención. *Moreno v. Pres. UPR II,* 178 DPR 969, 974 (2010). El Tribunal Supremo ha expresado que *una controversia puede convertirse en académica cuando los cambios fácticos o* **judiciales** *acaecidos durante el trámite judicial torna en ficticia su solución convirtiéndose así en una opinión consultiva sobre asuntos abstractos. Asoc. Fotoperiodistas v. Rivera Schatz,* supra*, en las págs.* 932-933*; San Gerónimo Caribe Project v. A.R.Pe.,* supra*, págs. 652-653; Báez Díaz v. E.L.A.,* 179 DPR 605, 617 (2010). (Énfasis nuestro). Por lo tanto, al evaluar el concepto de academicidad *hay que concentrarse en la relación existente entre los eventos pasados que dieron inicio al pleito y la adversidad presente. P.P.D. v. Gobernador I,* 139 DPR 643, 676 (1995). Así pues, un caso se convierte en académico cuando con el paso del tiempo su condición de controversia viva y presente se ha perdido. *Íd.* No obstante, la doctrina de academicidad reconoce varias excepciones en su aplicación cuando: (1) se presenta una controversia recurrente y capaz de evadir revisión judicial, (2) la situación de hechos ha sido modificada por el demandado, pero no tiene visos de permanencia, (3) la controversia se ha tornado académica para el representante de una clase, pero no para otros miembros de la clase, y (4)

persisten consecuencias colaterales que no se han tornado académicas. *Torres Santiago v. Dpto. de Justicia,* 181 DPR 969, 982-983 (2011). Véase, además, *Asoc. Fotoperiodistas v. Rivera Schatz*, supra, en la pág. 933; *U.P.R. v. Laborde y Otros*, 180 DPR 253, 281 (2010); *Cruz v. Administración,* 164 DPR 341, 349 (2005).

### C. Desestimación

Como corolario de lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap- XXII-B, R. 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado ante nuestra consideración. En lo que resulta pertinente al caso ante nuestra consideración, la regla aludida dicta lo que sigue:

> **(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:**
> **(1) que el Tribunal de Apelaciones carece de jurisdicción;**
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> **(5) que el recurso se ha convertido en académico.**
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. *Íd.* (Énfasis nuestro).

### D. Sobre la recusación de los jueces

Es requisito básico del debido proceso de ley el obtener un juicio justo proveniente de un tribunal imparcial. *Pueblo v. López Guzmán*, 131 D.P.R. 867, 894 (1992). Para dar cumplimiento a ello, se exige que quien desempeña la función judicial exhiba una conducta imparcial. *Martí Soler v. Gallardo Álvarez,* 170 DPR 1, 8 (2007), *Pueblo v. López Guzmán*, supra. Tal deber de proceder de manera imparcial en su función, es inherente a la misión de impartir justicia. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 775 (2013).

En la vertiente ética, el requisito de imparcialidad se establece con los Cánones de Ética Judicial de 2005. 4 LPRA Ap. IV-B. De modo que, el Canon 8 de dicho cuerpo reglamentario,[10] dispone que, **_las juezas y los jueces deben ser imparciales_** _y sus funciones judiciales deben realizarse de manera independiente, libre de influencias ajenas, instigaciones, presiones, amenazas o interferencias, sean estas directas o indirectas, y sin importar la fuente de donde provengan o la razón para ello._ (Énfasis provisto).

No solo es necesario que los jueces sean imparciales, sino que también deben de evitar toda _posible apariencia de que son susceptibles de actuar bajo influencias._ En esencia, no solo se trata de ser imparcial, sino también de aparentarlo. _Íd._

El Canon 20 de los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, establece en particular que, _una jueza o un juez debe inhibirse de un procedimiento judicial cuando tenga prejuicio o parcialidad hacia alguna de las personas, abogados o cualquier parte en el caso, o por haber prejuzgado el asunto que tiene ante su consideración._ La inhibición o recusación de una jueza o un juez procede también cuando exista cualquier otra razón que pueda arrojar dudas sobre su imparcialidad para adjudicar, o que de paso a minar la confianza pública en el sistema de justicia. _In re Suárez Marchán, 159_ DPR 724, 736-37 (2003); _In re Castro Colón,_ 155 DPR 110, 116 (2001).

### E. _Certiorari_

El auto de _certiorari_ permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. _Torres González v. Zaragoza Meléndez,_ 2023 TSPR 46, _800 Ponce de León Corp. v. American International Insurance,_ 205 DPR 163, 174 (2020); _Municipio Autónomo de Caguas v. JRO Construction,_ 201 DPR 703, 710 (2019); _Medina Nazario v. McNeil Healthcare LLC.,_ 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía

---

[10] 4 LPRA Ap. IV-B, Canon 8.

la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*, págs. 711-712; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 de nuestro

Reglamento,[11] 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

Conviene resaltar que *la amplitud del recurso moderno de certiorari no significa que sea equivalente a una apelación,* ***pues sigue siendo discrecional*** *y los tribunales debemos utilizarlo con cautela y por razones de peso.* (Énfasis provisto). *Pueblo v. Díaz León*, 176 DPR 913, 918 (2009).

## III. **Aplicación del Derecho a los hechos**

### a.

En el primer recurso, identificado con el alfanumérico KLCE202301040, la peticionaria sostiene que incidió el TPI al no concederle una extensión del término para presentar oposición a la solicitud de sentencia sumaria presentada por el recurrido, hasta que culminara el descubrimiento de prueba correspondiente.

---

[11]   A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
  B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
  C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
  D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
  E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
  F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
  G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, el recurrido ha alzado un planteamiento de índole jurisdiccional, por tanto, de umbral, del cual debemos pronunciarnos antes de atender los méritos del señalamiento de error. El recurrido aduce que carecemos de jurisdicción para atender el primer recurso de *certiorari,* por cuanto ya hay una sentencia final y firme que tornó en académica la contención de la peticionaria, (sobre la no concesión de un término para oponerse a la solicitud de sentencia sumaria). Veamos.

Según hicimos referencia en el tracto procesal, la peticionaria presentó ante nosotros el recurso de *certiorari* cuestionando la denegatoria del foro primario a extender el término para presentar su oposición a la moción de sentencia sumaria. No obstante, la señora Monge La Fosse **no** trajo ante nuestra consideración que, antes de recurrir ante nosotros, el 25 de agosto de 2023, notificada el 29 de agosto de 2023, el foro primario había dictado una *Sentencia Sumaria* declarando *Ha lugar* la moción de sentencia sumaria presentada por el recurrido, de la cual la peticionaria precisamente solicitaba la extensión de término para oponerse. Surge del Sistema Unificado de Manejo y Administración de Casos (SUMAC) que la señora Monge La Fosse no reconsideró la *Sentencia Sumaria* emitida, como tampoco presentó un recurso de apelación ante nosotros, en el término establecido para hacerlo, es decir, en o antes del 28 de septiembre de 2023. Por tanto, y tal como lo afirma el recurrido, **la referida *Sentencia Sumaria* advino final y firme**.

Lo anterior conduce a la conclusión de que la peticionaria pretende que nos pronunciemos sobre una determinación interlocutoria del TPI, la denegatoria a presentar un escrito en oposición a sentencia sumaria, a pesar de que dicho escrito versaría sobre una Sentencia Sumaria que ya advino final y firme, por tanto, de la cual carecemos de jurisdicción para intervenir.

Al adjudicar lo anterior, cabe resaltar que la presentación de un recurso de *certiorari* no priva de jurisdicción al TPI, pues no paraliza los

procedimientos que allí se realizan, salvo orden expresa en contrario de este Foro intermedio. Regla 35 (A)(1) del Reglamento del Tribunal Apelaciones, 4 LPRA Ap. XXII-B, R. 35. De lo que se sigue que la mera presentación del recurso identificado como KLCE202301040, no privaba al foro primario de atender una posible *Moción de reconsideración* instada por la peticionaria, de encontrarse inconforme con la *Sentencia Sumaria* emitida por el foro *a quo.* Por su parte, este Foro apelativo en ningún momento ordenó la paralización de los procedimientos ante el TPI, ni expidió el recurso de epígrafe. Por tanto, a pesar de la peticionaria haber presentado el recurso de *certiorari* bajo nuestra consideración dentro del término provisto para ello, **el foro primario se encontraba perfectamente habilitado para continuar los procesos ante su consideración, y emitir la *Sentencia Sumaria,* que posteriormente advino final y firme, según lo hizo**.

Entonces, cabe aquí reiterar la expresión de nuestro Tribunal Supremo en el sentido de que *una controversia puede convertirse en académica cuando los cambios fácticos o **judiciales** acaecidos durante el trámite judicial torna en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos. Asoc. Fotoperiodistas v. Rivera Schatz,* supra. (Énfasis provisto). En el recurso de *certiorari* ante nuestra consideración efectivamente aconteció un cambio judicial que tornó en ficticia la controversia alzada, la notificación de la *Sentencia Sumaria* emitida por el TPI, que advino final y firme, teniendo como consecuencia que el recurso ante nuestra consideración se tornara académico, lo que nos impone su desestimación.

**b.**

En cuanto al segundo recurso presentado, identificado con el alfanumérico KLAN202301025, la señora Monge La Fosse afirma que incidió el foro primario al no conceder la petición de recusación que presentó en contra del Juez Díaz Valdés.

Sobre ello, valga iniciar reconociendo que, examinadas las circunstancias en las cuales se nos permite intervenir con las determinaciones interlocutorias provenientes del TPI, según estas fueron dispuestas en la Regla 52.1 de Procedimiento Civil, *supra,* juzgamos que la petición de recusación de un juez sí ubica dentro de las excepciones allí previstas, por cuanto esperar al resultado final del juicio para resolverla, podría constituir un fracaso irremediable de la justicia.

A pesar de lo afirmado, sépase que seguimos estando ante un recurso de *certiorari,* cuya particularidad es la discreción con la que los foros apelativos hemos quedado investidos para expedirlo o denegarlo. Según ya hemos citado, *la amplitud del recurso moderno de certiorari no significa que sea equivalente a una apelación,* **pues sigue siendo discrecional** *y los tribunales debemos utilizarlo con cautela y por razones de peso.* (Énfasis provisto). *Pueblo v. Díaz León,* supra.

Entonces, al examinar la declaración jurada en cuyo contenido se apoyó la peticionaria para solicitar la recusación del Juez Díaz Valdez, nos resulta evidente que, tal como lo apreció el foro recurrido, no apunta propiamente hacia alguna conducta que resulte identificable como infracción ética. Por ejemplo, se aduce en el referido documento que el juez se arrogó jurisdicción indebidamente, no concedió el descubrimiento de prueba solicitado y ha denegado la expedición de emplazamientos en tres ocasiones. Bien se puede considerar que tales asuntos podían estar sujetos al proceso de revisión judicial en el trámite habitual de las decisiones interlocutorias, cuando una parte no está de acuerdo con el curso decisorio del tribunal, pero en modo alguno sirven para ubicar la conducta del juez fuera de la conducta ética que exigen los cánones de ética judicial. Es decir, no podemos siquiera atisbar en el contenido de la declaración jurada aludida conducta que revele imparcialidad, responda a influencias, instigaciones, presiones, amenazas o interferencias ajenas al sopesar los asuntos que han estado ante la consideración del Juez Díaz Valdés.

En definitiva, no observamos en la determinación recurrida algún error de derecho o abuso de discreción que justifique nuestra intervención. A tenor, denegamos la expedición de este segundo recurso de *certiorari*.

**IV. Parte dispositiva**

Por las razones expuestas, desestimamos el recurso de *certiorari* identificado como KLCE202301040 por falta de jurisdicción. Además, denegamos expedir el recurso de *certiorari* identificado como KLAN202301025.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones